UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| FRASER ROTCHFORD,<br><br>        Plaintiff,<br><br>    v.<br><br>OLYCAP,<br><br>        Defendant. | CASE NO. C19-5132 RBL<br><br>ORDER |

THIS MATTER is before the Court on Plaintiff Fraser Rotchford's Motion for Leave to Proceed *In Forma Pauperis*, supported by his Complaint.

A district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). The court has broad discretion in resolving the application, but "the privilege of proceeding *in forma pauperis* in civil actions for damages should be sparingly granted." *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963). The standard governing *in forma pauperis* eligibility under 28 U.S.C. § 1915(a)(1) is "unable to pay such fees or give security therefor." A person is eligible if they are unable to pay the costs of filing and still provide the necessities of life. *See*

*Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 203 (1993) (internal quotations omitted).

In addition, a court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Id.* (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984). A *pro se* Plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Ordinarily, the Court will permit pro se litigants an opportunity to amend their complaint in order to state a plausible claim. *See United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) ("Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment.")

Rotchford's Complaint fails to state a viable claim under this standard, and his application to proceed in forma pauperis is DENIED. It remains entirely unclear what or who Olycap is compared to Rotchford, or how he claims they have violated his rights or damaged him in some way, or what the basis for his claim against them is. Rotchford seems to claim that Olycap does not do what it claims it does with respect to homeless veterans; that it did something

nefarious with "RVs" supposedly purchased for veterans; and that something they did may have had something to do with the suicide of a different veteran. The details of Rotchford's own interaction with Olycap are even less clear; his complaint is a sort of stream of consciousness on a variety of topics—addiction, mental health, sexuality and politics. Missing, however, is any sort of actionable claim by Rotchford against Olycap, over which this court has jurisdiction. Rotchford has not stated a viable claim in this complaint.

Rotchford's Motion for Leave to Proceed *in forma pauperis* [Dkt. #1] is **DENIED**. Within 21 days of this Order, Rotchford shall pay the filing fee or file an amended complaint setting forth the "who what when where and why" of a plausible factual claim, describing what Olycap did to him (or failed to do), including an articulation of the legal basis for a claim and the relief sought. If he does not, the case will be dismissed without further notice.

IT IS SO ORDERED.

Dated this 4th day of March, 2019.

Ronald B. Leighton
United States District Judge